UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

MOHAMMAD SAMRAT on behalf of himself and all other similarly situated consumers

                Plaintiff,

    v.

UNITED COLLECTION BUREAU, INC.

                Defendant.

_____

**Case No.**

# CLASS ACTION COMPLAINT

## Introduction

1. Plaintiff, Mohammad Samrat, brings this action against UNITED COLLECTION BUREAU, INC. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices while attempting to collect on debts.

## Parties

2. Plaintiff is a citizen of the State of New York who reside within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Toledo, OH.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## Jurisdiction and Venue

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations Particular to Mohammad Samrat

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about May 13th, 2016 Defendant sent Plaintiff Samrat a collection letter.

11. The said May 13th, 2016 collection letter stated a "Current Account Balance" of $5,144.56.

12. In addition, the letter also stated "Department Stores National Bank (DSNB) will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations. Please contact your tax advisor if you have any questions"

13. The said letter was sent in an effort to collect on a defaulted consumer debt and, upon affirmation and belief, was Defendant's initial communication with the Plaintiff.

14. Such a collection letter is open to one of multiple interpretations and would likely be misunderstood by an unsophisticated consumer.

15. § 1692e requires debt collectors, when informing debtors of their account balance, to disclose whether the balance may increase due to interest and fees. <u>Avila v. Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).</u>

16. Defendant's collection letter fail to include the safe harbor language set out in <u>Avila v. Riexinger Associates, LLC, 817 F.3d 72, 76 (2d Cir. 2016).</u>

17. An unsophisticated consumer would be left uncertain by the said letter as to whether the accounts were accruing interest or not.

18. The "Current Account Balance" in the case at hand was for an amount that included original principal, fees, and contractual interest.

19. The said letter failed to correctly state the in full the amount of the debt allegedly owed.

20. Though the collection letter to Plaintiff Samrat stated a "Current Account Balance," the letter did not state on which date the "Current Account Balance" was calculated, and did not explain that contractual interest and/or legal fees would continue to accrue on the unpaid principal; thus, the Plaintiff's total balance might be greater on the date he makes a payment.

21. A reasonable consumer could read the notice and be misled into believing that he or she could pay the debt in full by paying the amount listed on the notice.

22. However, since contractual interest is automatically accruing daily, and since there are undisclosed legal fees that will accrue, a consumer who pays the "Current Account Balance" stated on the notices will be unaware as to whether or not the debt has been paid in full.

23. The debt collector could still seek the automatically accrued contractual interest that accumulated after the notices were sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.

24. A letter that states "Current Account Balance" without notice that the amount is already increasing due to automatically accruing contractual interest or other charges, would mislead the unsophisticated consumer into believing that payment of the amount stated will clear his or her account.

25. The FDCPA requires debt collectors, when notifying consumers of their account balance, to disclose that the balance may increase due to interest and fees; failure to include such

disclosures would harm consumers such as the Plaintiff who may hold the reasonable but mistaken belief, that timely payment will satisfy their debts and it would abrogate the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e.

26. Pursuant to the underlying cardholder agreement, contractual interest is accruing on the debt on a periodic basis.

27. The amount of the contractual interest, automatically increases each day that the defaulted debt remains unpaid due to the automatically accrued interest.

28. Collection notices that state only the "Current Account Balance" but fail to disclose that the balance might increase due to interest and fees, are "misleading" within the meaning of Section 1692e.

29. To the extent that the Creditor or the Defendant intended to waive the automatically accrued and accruing interest, it was required to disclose that in the most conspicuous of terms.

30. Defendant was required to include a disclosure that the automatically accrued interest was accruing, or in the alternative, Defendant was required to disclose that the creditor has made an intentional decision to waive the automatically accruing interest and that Defendant will always accept stated "Current Account Balance" in full satisfaction of the debt; yet Defendant failed to make any such disclosures, violating Section 1692e of the FDCPA.

31. Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e of the FDCPA.

32. Defendant knew that balance would increase due to interest, fees and/or disbursements.

33. The Second Circuit adopted a safe harbor disclaimer stating "that requiring such disclosure best achieves the Congressional purpose of full and fair disclosure to consumers that is embodied in Section 1692e. It also protects consumers such as the Plaintiff, who may hold the reasonable but mistaken belief that timely payment will satisfy their debts." Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)

34. Because the "Current Account Balance" included original principal, fees, and contractual interest, without notice that the accruing interest was expressly waived and without notice that the debt collector and/or the creditor is always willing to accept "Current Account Balance" in full satisfaction of the debt, irrespective when the payment was made, Defendant's collection notice can mislead the least sophisticated consumers into believing that payment of the amount stated will clear his or her account.

35. According to the Second Circuit's finding that the "Current Account Balance" must contain a full and fair disclosure, if a credit card account was being charged interest, pursuant to a contract and the interest was intended to be waived, disclosure of such a waiver is necessary or the consumer would not know what the balance is. "[i]n fact, however, if interest is accruing daily, [or was not expressly waived] a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the [accruing or un-waived] interest and fees that accumulated after the notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer." Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 76 (2d Cir. 2016)

36. The 8th Circuit in Haney v. Portfolio Recovery Assocs., No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) clearly explains that merely not including interest in post charge off statements is not express waiver of interest, and the debt collector or creditor can seek the interest in the future.

37. In fact, in this case the Plaintiff is still not sure whether there was any intent to waive the interest. There was definitely no express waiver and disclosure of waiver is mandatory if interest was originally accruing per the contract. The consumers could not know what the real balance is.

38. The intent to waive a contractual right must be unmistakably manifested and may not be inferred from doubtful or equivocal acts. Navillus Tile, Inc. v. Turner Const. Co., 2 A.D. 3d 209, 770 N.Y.S.2d 3 (1st Dep't 2003). A waiver of a contract right does not occur by negligence, oversight or thoughtlessness and cannot be inferred from mere silence. Acumen Re Management Corp. v. General Sec. Nat. Ins. Co., 2012 WL 3890128, at *6 (S.D. N.Y. 2012), reconsideration denied, motion to certify appeal granted, 2012 WL 6053936 (S.D. N.Y. 2012).

39. The 8th Circuit Court of Appeals found that the fact that the debt was charged off and that the creditor or debt buyer did not charge statutory or prejudgment interest in its statements post charge off does not constitute an express waiver and statutory or prejudgment interest is still continuing to accrue and may be charged at a future time.

40. According to the Second Circuit in *Avila*, any such a debt would need full and complete disclosure. See Haney v. Portfolio Recovery Assocs., No. 15-1932, 2016 U.S. App. LEXIS 17287 (8th Cir. Sep. 21, 2016) ("Nothing inherent in the process of charging off a debt precludes a claim for statutory interest, and [the states] prejudgment interest statute does not expressly preclude statutory prejudgment interest following a waiver of contractual interest...[The debtor] received monthly periodic statements from the original creditors prior to charge-off, and at least as to the *Wal-Mart* account, the charge-off statement itself is attached to the pleadings. [The debtor] received a demand for payment of his accounts when due. We conclude any demand requirement that exists as a precondition to the accrual of statutory prejudgment interest was satisfied by the original creditors' demands upon [the debtor].")

41. Failure to disclose such a waiver of the automatically accruing interest is in of itself deceptive and "misleading" within the meaning of Section 1692e. The Defendant knew that the balance would increase due to interest, fees and/or disbursements.

42. Since the "Amount Due" is for an amount that includes original principal, fees, and contractual interest, the collection notice must accurately inform the consumer that interest is accruing daily or that interest has stopped accruing. "Applying these principles, we hold that Plaintiffs have stated a claim that the collection notices at issue here are misleading within the meaning of Section 1692e... a consumer who pays the "current balance" stated on the notice will not know whether the debt has been paid in full." Avila v. Riexinger & Assocs., LLC, Nos. 15-1584(L), 15-1597(Con), 2016 U.S. App. LEXIS 5327, at *10-11 (2d Cir. Mar. 22, 2016)

43. Although Defendant's collection letter stated a "Current Account Balance," the letters failed to disclose to the Plaintiff that the Defendant may collect the additional accruing interest at a later date.

44. "The Court therefore finds that [the debt collectors] letters to [the debtor] are subject to two different interpretations as to the accumulation of interest, rendering them deceptive

under § 1692e(10) ... The logic [applies] to stated outstanding debt and the need for consumers to be aware that this debt may be dynamic or static. They are concerned with a consumer's inability to discern whether an amount owed may grow with time, regardless of whether offers to settle are on the table or not. As [plaintiff] states, this information is relevant in a consumer's payment calculus, especially when some debts must be paid at the expense of others. And, of course, the existence of settlement offers would be entirely irrelevant to these considerations for the many consumers who are unable to take advantage of them...Plaintiff's claim is not that the stated balance was not itemized, but that it was unclear whether it was subject to future interest." Michalek v. ARS Nat'l Sys., No. 3:11-CV-1374, 2011 U.S. Dist. LEXIS 142976, at *16-17 (M.D. Pa. Dec. 13, 2011)

45. Absent a disclosure by the holder of the debt that the automatic interest is waived, even if the debtors pays the "Balance" the Defendant and or the creditor **could** still seek the automatic interest that accumulated after the breach of contract, or sell the consumer's debt to a third party, which itself could seek the automatic interest and from the consumer. *Avila*, at *10-11.

46. A waiver of interest, even when made explicitly, has not prevented debt collection agencies from continuing to illegally charge the waived interest. At the bare minimum a debt collection agency must clearly convey, even to the unsophisticated consumer that it intends to waive the automatically accruing interest, or that the debt has stopped accruing interest and that the Debt Collector and/or the Creditor will always accept the "Current Account Balance" in full satisfaction of the debt.

47. Upon receiving Defendant's collection letter, the Plaintiff was uncertain whether the "Current Account Balance" was accruing interest as there was no disclosure or admonition indicating otherwise.

48. Defendant's letter would cause an unsophisticated consumer uncertainty and force him or her to guess how much money is allegedly owed to the Defendant, how much money would accrue daily on the alleged debt, how much additional money would be owed if the "Current Account Balance" stated in the collection letter was paid, and if or when the Defendant's collection efforts would actually discontinue if the "Current Account Balance" was remitted to the Defendant.

49. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A) and § 1692e(10).

50. Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of principal need be reported:
    (2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.
    (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

51. In addition, it is highly improbable for one who is in debt to have income as a result of settling a debt, as that person is more likely to be insolvent; so such a discharge would not be considered as income.

52. A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate.[1]

53. The language in the letter that states "Department Stores National Bank (DSNB) will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations" could reasonably be understood by the least sophisticated consumer to mean that IRS regulations require the creditor to always report forgiveness of debt.

54. The least sophisticated consumer would understand this statement to mean that the creditor is required by IRS regulations to report forgiveness of debt.

---

[1] Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

55. Although the Defendant had no duty to disclose any potential tax ramifications,[2] when Defendant chooses to give tax disclosures, it must do so in a way that it will not mislead the least sophisticated consumer as to his or her tax consequences.

56. Current case law has made clear, that if debt collectors are providing tax advice with regards to the reporting of forgiveness of debt, they cannot provide vague, incomplete and misleading disclosures that leaves out the essential element that the reporting of forgiveness of a debt happens only if the **principal** forgiven exceeds $600, and that reporting of forgiveness of a debt would not happen even if the amount is greater than $600, if the amount forgiven contained interest forgiveness so long as the principal was less than $600.

57. The statement "Department Stores National Bank (DSNB) will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations" is ambiguous, yet the vagueness and uncertainty does not erase the fundamental mischief and deception that the statement intends to cause to the consumer. A consumer reading this statement will be led to believe that if a settlement erases any amount of the debt, then the creditor is required to report the forgiveness of debt to the IRS, as per the IRS regulations. This creates a fear of IRS consequences in order to pressure consumers to pay the debt without erasing any amount through settlement. However, this statement is inherently deceptive and misleading, by giving erroneous and incomplete tax information – because according to IRS regulations, the creditor "**will not**" be required to report to the IRS, forgiveness of debt less than $600, nor would the creditor be required to report an amount greater than $600 in forgiveness, if the amount contained interest.

58. If the creditor wishes to legitimately give tax advice in a sincere manner, one that does not mislead the consumer, then that creditor should specify and make clear to the least sophisticated consumer that only certain amounts require reporting, and that this applies only to principle and not to interest forgiveness.

59. The creditor or debt collector should also specify what amounts are principle and what part of is interest in the amounts owed. Any tax advice that does not specify the tax consequences as it applies to the consumer's circumstances is nothing more than a ploy to

---

[2] Altman v. J.C. Christensen & Assocs., 786 F.3d 191, 194, 2015 U.S. App. LEXIS 7980, *7 (2d Cir. N.Y. 2015) ("[T]he FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt.")

elicit a more substantial payment from the consumer than the consumer would have paid, had he or she understood the tax reporting consequences.

60. The use of the words "Department Stores National Bank (DSNB) will report any discharge of indebtedness as required by the Internal Revenue Code and corresponding IRS regulations" is an attempt by the debt collector to make the debtor think that the IRS regulations always require the reporting of forgiveness of debt. The least sophisticated consumer would reasonably read the letter to mean that the creditor, in all circumstances, will report forgiveness of debt as is required by IRS regulations.[3]

61. In a recent decision, this court found in the case of Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,) that a statement regarding the requirement to report debt forgiveness to IRS: "was not strictly true under all circumstances because **it failed to apprise debtors** that possible exceptions could apply to the creditor's mandatory reporting requirement, such as the exceptions **for interest and other non-principal debts**." Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,) (emphasis added); see also Good v. Nationwide Credit, Inc., No. 14-4295, 2014 BL 302150 (E.D. Pa. Oct. 24, 2014) (Finding that the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions" is not true and does not accurately reflect the relevant law the court also found that the statement's invocation of the IRS was deceptive and materially misleading in violation of the FDCPA.)

62. The Defendant tends to give erroneous and/or incomplete tax advice to consumers.

63. The FDCPA does not require that tax consequences be identified in collection letters sent to consumers; but where a debt collector has chosen to threaten the debtor with tax consequences, and has done so inaccurately, the false representation causes detrimental harm to the consumer since it concretely thwarts the consumer's ability to freely navigate a course of action in response to the collection notice. The risk in this type of harm is the detrimental impact to the consumer. And such harm is precisely the kind of infringement of the consumer's best interests that the FDCPA seeks to combat.

---

[3] Russell v. Equifax A.R.S., 74 F.3d 30, 35, 1996 U.S. App. LEXIS 1042, *13 (2d Cir. N.Y. 1996) (That a notice's terminology is vague or uncertain will not prevent it from being held deceptive under 1692e.)

64. Such a statement in a collection letter suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS.[4]

65. Defendant's collection letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

66. Defendant's collection letter also contained violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(8), 1692e(10), and 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

67. Upon information and belief, such actions are part of a scheme or business of the Defendant when attempting to collect alleged debts from consumers in the State of New York.

68. Upon information and belief, the Defendant's collection letter, such as the said May 13, 2016 collection letter, number in at least the hundreds.

69. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

70. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communication.

71. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

72. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

73. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

---

[4] Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J,); Wagner v. Client Services, Inc., No. 08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); Sledge v. Sands, 182 F.R.D. 255 (N.D.Ill. 1998).

74. Defendant's communications were designed to cause debtors to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

75. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived them of their right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

76. These deceptive communications additionally violated the FDCPA since they frustrate the consumers' ability to intelligently choose his or her response.

77. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

78. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

79. The identities of all class members are readily ascertainable from the records United Collection Bureau, Inc. and those business and governmental entities on whose behalf it attempts to collect debts.

80. Excluded from the Plaintiff's class is the Defendant and all officers, members, partners, managers, directors, and employees of United Collection Bureau, Inc. and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

81. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The

principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

82. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

83. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

84. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a) **Numerosity:** The Plaintiff is informed and believes, and on that basis allege, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

   (b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

   (c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

   (d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor their counsel

have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

85. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

86. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

87. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

88. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION
## Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.

89. Plaintiff Samrat repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through seventy (70) herein with the same force and effect is if the same were set forth at length herein.

90. This cause of action is brought on behalf of Plaintiff Samrat and the members of a class.

91. The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff Samrat on or about May 13, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff Samrat asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt and for misrepresenting the amount of the debt owed by the Plaintiff.

## AS AND FOR A SECOND CAUSE OF ACTION
## Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.

92. Plaintiff Samrat repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through ninety-three (93) herein with the same force and effect is if the same were set forth at length herein.

93. This cause of action is brought on behalf of Plaintiff Samrat and the members of a class.

94. The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff Samrat on or about May 13, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff Samrat asserts that the letter contained violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(5),

1692e(8), 1692e(10), and 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

## Violations of the Fair Debt Collection Practices Act

95. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

96. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

. (a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

. (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

. (c) Any other relief that this Court deems appropriate and just under the circumstances.

Date: Brooklyn, New York
April 24, 2017

/s/ Daniel Cohen
Daniel Cohen, Esq. (DC7967)
Attorney for the Plaintiff
Daniel Cohen, PLLC
300 Cadman Plaza W, 12th floor
Brooklyn, New York 11201
E-mail: dan@dccohen.com
Office: (646) 645-8482
Fax: (347) 665-1545

Plaintiff requests trial by jury on all issues so triable.

<u>/s/ Daniel Cohen</u>

Daniel Cohen, Esq

Date: Brooklyn, New York
April 24, 2017